UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JOHN CANNING, | ) |
| Plaintiff, | ) ) ) |
| v. | )    CV622-038 |
| CAROL EASON-JACKSON and DR. MARCUS OCCHIPINTI,[1] | ) ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

The Court previously granted Plaintiff's requests to extend the deadline for service of his Amended Complaint on Defendant Dr. Marcus Occhipinti to January 15, 2023. Doc. 44 at 3-4; *see also* docs. 13, 27, 29, 36. After that deadline passed with no indication Plaintiff had accomplished service, the Court directed Plaintiff to show cause why his claim against Defendant Occhipinti should not be dismissed for failure to serve pursuant to Rule 4(m). Doc. 47. Plaintiff has responded, explaining

---

[1] Plaintiff's Amended Complaint named Carol Eason-Jackson, Dr. Marcus Occhipinti, Trevonza Bobbitt, Josh Wicker, Deidra Edwards, Timothy Ward, Ahmed Holt, Robert Toole, Stan Shepard, and Jack Sauls as defendants. *See* doc. 37 at 1, 2-4. The District Judge granted Defendants Bobbitt, Wicker, Edwards, Ward, Holt, Toole, Shepard, and Sauls' Motion to Dismiss. *See* doc. 45 at 1. Only Count I of the Amended Complaint against Eason-Jackson and Occhipinti remains pending. The Clerk is **DIRECTED** to update the docket and the case caption accordingly.

that "Defendant Dr. Marcus Occhipinti has not yet been served because, as Plaintiff has since confirmed, Dr. Occhipinti is dead." Doc. 51 at 1. He contemporaneously filed a Suggestion of Death, doc. 50, and indicates that he "plans to substitute and serve Dr. Occhipinti's estate and/or next of kin within ninety days." Doc. 51 at 2.

Federal Rule of Civil Procedure 4(m) requires "the court—on motion or on its own after notice to the plaintiff—[to] dismiss the action without prejudice against [the unserved] defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The court must extend the deadline if the plaintiff shows "good cause," which "exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Philpot v. Peach State Health Plan*, 2022 WL 17279389, at *2 (11th Cir. Nov. 29, 2022) (internal quotation marks omitted) (quoting *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)). "[W]hen a district court finds a plaintiff has demonstrated no good cause under Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Philpot*, 2022 WL

17279389, at *2 (internal quotation marks omitted) (quoting *Lepone-Depmsey*, 476 F.3d at 1281).

Plaintiff's explanation for his failure to serve Occhipinti is that Occhipiniti is deceased. *See* doc. 51. However, Plaintiff was aware of Occhipinti's death as early as November 10, 2022. *See* doc. 40 at 2. Based on that development, the Court previously extended Plaintiff's Rule 4(m) service deadline through January 15, 2023. *See* doc. 44 at 4. Plaintiff's response does not explain his failure to take *any* action prior to that deadline, or even after it. *See generally* docket; *see also* doc. 51. Plaintiff was aware of the method for seeking an extension, as he had already successfully sought five. *See* docs. 12, 26, 28, 35 & 40. He has not shown good cause for his failure to act by the generously extended deadline.

As instructed by the Eleventh Circuit, even though Plaintiff has not demonstrated good cause for his failure to serve the defendant prior to the deadline, the Court must also consider whether "any other circumstances warrant an extension of time" under 4(m). *Lepone-Dempsey*, 476 F.3d at 1282. Although he does not explicitly make the argument, Plaintiff implies that the 90-day deadline for substitution under Federal Rule of Civil Procedure 25(a) might alter the time for

service under Rule 4(m). His assumption is incorrect. In *Ransom v. Brennan*, the former Fifth Circuit[2] made clear that "the substitution of a new party under Rule 25(a)(1) . . . does not supply in personam jurisdiction to proceed with the action but only places the substituted party in the same position as the original party, *i.e.*, a party to the action, but one who must be still served with process to secure in personam jurisdiction over him." 437 F.2d 513, 518 (5th Cir. 1971); *see also Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1337 (11th Cir. 2022) ("A substituted party steps into the same position as the original party." (quoting *Ransom*, 437 F.2d at 516)). As this Court has previously acknowledged, "Rule 25 is a procedural rule of convenience only and does not substantively alter a party's rights or liabilities." *Ray Capital Inc. v. M/V Newlead Castellano*, 2017 WL 4079082, at *5 (S.D. Ga. Sept. 13, 2017) (internal citation and quotation omitted) (Hall, C.J.) Since Occhipinti was never served, any substituted party would occupy the

---

[2] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).

same position: a party who was not served prior to the expiration of the 4(m) deadline.[3]

The Court also notes that the statute of limitations for a claim against Dr. Occhipinti has expired.  A § 1983 claim in this Court is subject to the statute of limitations governing personal injury actions in Georgia, which is two years.  *Nance v. Comm'r, Georgia Dep't of Corr.*, 59 F.4th 1149, 1153 (11th Cir. 2023).  Plaintiff alleges the conduct underlying his claims began on January 27, 2020.  *See* doc. 37 at 4. Although Plaintiff's initial complaint was filed before the statute of limitations had run, *see* doc. 1 (filed January 27, 2022), any subsequent attempt to refile against Occhipinti's estate would likely be time barred.  Nevertheless, even considering this potential pitfall, Plaintiff's claim should be dismissed.  *See Lepone-Dempsey*, 476 F.3d at 1282 (noting that "[t]he running of the statute of limitations . . . does not require that the district court extend time for service of process under Rule 4(m)" so long as the factor is considered in the analysis).  Plaintiff has been afforded ample

---

[3] Binding case law also suggests that substitution is unavailable where the party predeceased the filing of the lawsuit.  *See Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969).  Occhipinti's death certificate shows he died on February 17, 2021.  *See* doc. 50-1 at 1.  Plaintiff initiated this lawsuit on January 27, 2022.  *See* doc. 1.  Because dismissal of Occhipinti is appropriate under Rule 4(m), the Court will not analyze the implications of *Mizukami* on Plaintiff's current situation.

opportunity to correct any service deficiencies related to Occhipinti and did not act promptly or diligently to pursue his claims. All of Plaintiff's claims against Dr. Occhipiniti should, therefore, be **DISMISSED** pursuant to Federal Rule of Civil Procedure 4(m).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED AND RECOMMENDED**, this 12th day of June, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA