UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JOHN CANNING, | ) |
| Plaintiff, | ) ) ) |
| v. | )   CV622-038 |
| CAROL EASON-JACKSON and DR. MARCUS OCCHIPINTI, | ) ) ) ) |
| Defendants. | ) |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), (doc. no. 55), to which Plaintiff has filed an Objection, (doc. no. 56). For the reasons explained below, the Report and Recommendation is **ADOPTED**, as modified below. See, e.g., 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

The Magistrate Judge recommends dismissing Defendant Dr. Marcus Occhipinti for Plaintiff's failure to serve him by the deadline

prescribed by Federal Rule of Civil Procedure 4(m). (Doc. no. 55 at 5-6.) The Rule states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the Plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotations and brackets omitted). However, as the R&R recognized, even where Plaintiff does not demonstrate good cause the Court is still obligated to "consider whether any other circumstances warrant an extension of time based on the facts of the case." (Doc. 55 at 2, quoting Philpot v. Peach State Health Plan, 2022 WL 17279389, at *2 (11th Cir. Nov. 29, 2022)); see also Lepone-Dempsey, 476 F.3d at 1282 ("[W]hen a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.").

The Report and Recommendation noted that Plaintiff's already-extended service deadline expired "with no indication Plaintiff had accomplished service." (Doc. 55 at 1.) Therefore, the Court, pursuant to Rule 4(m)'s requirement that it provide "notice to the Plaintiff," alerted Plaintiff to that fact and directed him to "show cause why his claim against Defendant Occhipinti should not be dismissed for failure to serve pursuant to Rule 4(m). (Id.) Plaintiff responded that "Defendant Dr. Marcus Occhipinti has not yet been served because, as Plaintiff has since confirmed, Dr. Occhipinti is dead." (Id. at 1-2, quoting doc. 51 at 1.)

Given that Plaintiff conceded service had not yet been accomplished, the Magistrate Judge first determined whether Plaintiff had demonstrated good cause for that failure. (Doc. 55 at 3.) He concluded Plaintiff "has not shown good cause for his failure to act by the generously extended deadline." (Id.) The Court concurs. Plaintiff had already sought five extensions of the service deadline. (Id., citing docs. 12, 26, 28, 35, & 40.) His objection does not refute the Magistrate Judge's conclusion that his failure to act by the deadline—including, if necessary,

by seeking another extension—was not supported by good cause.[1] (See generally doc. 56.)

After determining Plaintiff failed to show good cause, the Magistrate Judge then, consistent with the Eleventh Circuit's mandate, determined whether the circumstances warranted yet another extension of the Rule 4(m) deadline. (Doc. 55 at 3.) He first considered whether the 90-day deadline for substitution of a proper party under Rule 25(a), triggered by Plaintiff's filing of a Suggestion of Death, altered the time for service under 4(m). (Id. at 3-4.) Noting this Court's prior acknowledgment that Rule 25 "is a procedural rule of convenience only and does not substantively alter a party's rights or liabilities," (id. at 4, quoting Ray Capital Inc. v. M/V Newlead Castellano, 2017 WL 4079082,

---

[1] The R&R states that "Plaintiff was aware of Occhipinti's death as early as November 10, 2022." (Doc. 55 at 3.) Plaintiff's objection "rejects this characterization of the events." (Doc. 56 at 2.) However, it then reasserts that "[i]n November 2022, Plaintiff's process server was told by Defendant Occhipinti's wife that he had passed away[.]" (Id.) It is, therefore, unclear why Plaintiff "rejects" the Magistrate Judge's statement that Plaintiff was, at least, "aware" of the Defendant's death at that time. Plaintiff's difficulty in confirming the information does not make him any less aware of the possibility that Occhipinti was, indeed, dead. (Doc. 56 at 2, n. 1). The objection also does not explain what investigative steps Plaintiff undertook during the six months, from November 2022 through May 2023, other than referring to "publicly available searchable databases" and Dr. Occhipinti's own social media accounts. (Id.) Nevertheless, the R&R's conclusion does not rest on the fact that Plaintiff delayed in confirming Occipinti's death; instead, it rests on the fact that Plaintiff, despite knowing of the impending 4(m) deadline, and knowing how to seek extensions of that deadline, failed to act on that deadline while investigating the issue.

at *5 (S.D. Ga. Sept. 13, 2017)), and the Eleventh Circuit's recognition that "a substituted party steps into the same position as the original party," (id., quoting Carrizosa v. Chiquita Brands Int'l, Inc., 47 F.4th 1278, 1337 (11th Cir. 2022)), the R&R concluded "[s]ince Occhipinti was never served, any substituted party would occupy the same position: a party who was not served prior to the expiration of the 4(m) deadline." (Id. at 4-5.)

Plaintiff's objection confusingly cites to Mizukami v. Buras, 419 F.2d 1319 (5th Cir. 1969), to refute the R&R's analysis. (Doc. 56 at 4.) As the R&R noted in a footnote, (doc. 55 at 5 n. 3), in Mizukami, the former Fifth Circuit affirmed the district court's decision to deny substitution of a deceased party's heirs as parties because "he was deceased at the time the suit was filed." 419 F.2d at 1320. Because "the rule contemplates substitution for someone who had been made a party before his death[, i]t is not available . . .[where the defendant] predeceased the filing of the action." Id. Reliance on Mizukami does not change the analysis that Rule 25 does not alter the time for service under Rule 4(m).

The Magistrate Judge also considered whether the possibility that the statute of limitations had run on Plaintiff's claim against Occhipinti justified a *sua sponte* extension of 4(m)'s deadline. (Doc. 55 at 5-6.) He determined that, although the statute of limitations may have run, dismissal was still appropriate. (Id. at 5 (citing Lepone-Dempsey, 476 F.3d at 1282).) Plaintiff disputes the Magistrate Judge's assessment that the statute of limitations has run, citing to Rule 17(c) and Georgia law to support his contention that "Plaintiff has until six years of Defendant Occhipinti's death to sue his estate." (Doc. 56 at 4.) While the Magistrate Judge's consideration of the statute of limitations may not have been exhaustive, Plaintiff's objection actually offers further support for the ultimate conclusion.[2] Because Plaintiff contends he can sue Occhipinti's estate for the next six years, there is no reason to extend Rule 4(m)'s deadline under the rationale of Lepone-Dempsey.

Finally, Plaintiff requests that the Court "permit a brief extension to allow Plaintiff to substitute and serve Dr. Occhipinti's estate within

---

[2] The language in the Report and Recommendation might suggest that the Magistrate Judge reached a conclusion concerning the application of the statute of limitations. (See doc. 55 at 5.) However, those statements are equivocal--i.e. the Magistrate Judge "notes" the statute of limitations has expired against Occhipinti and claims against his estate are "likely" barred--and any substantive analysis of the statute of limitations is dicta.

ninety days of the suggestion of death." (Doc. 56 at 6.) For the reasons explained in the Magistrate Judge's R&R, that request is **DENIED**.[3] The Plaintiff's objections are **OVERRULED**, (doc. 56), the Report and Recommendation is **ADOPTED**, as modified by this Order, and Defendant Dr. Marcus Occhipinti is **DISMISSED**.

Given the likely effect of this Order on Plaintiff's plans to file an Amended Complaint as contemplated by the parties' Rule 26(f) Report, that Report is **TERMINATED**. Doc. 49. Plaintiff and Defendant Carol Eason-Jackson are **DIRECTED** to confer and submit a renewed Rule 26(f) Report within 14 days from the date of this Order.

**ORDER ENTERED** at Augusta, Georgia, this 7th day of August, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] Even assuming such a request could be made, for the first time, in an objection to a Report and Recommendation, granting it would, for the reasons explained in the Report and Recommendation, effectively ignore the mandatory character of Rule 4(m).